IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE DRIVEWAY COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAMIAN WILLEY and METRO DRIVEWAY REPLACEMENT, LLC, <br><br> Defendants. | 8:18CV354 <br><br> **ORDER** |

This matter is before the Court on plaintiff The Driveway Company, Inc.'s (the "Driveway Company") Motion to Dismiss Counterclaim[1] (Filing No. 10) filed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). In its motion, the Driveway Company asserts this Court does not have subject-matter jurisdiction over the defendants' counterclaim because they seek "to cancel a trademark on the supplemental registry of the U.S. Patent & Trademark Office ("USPTO"), but a petition to cancel a trademark is provided only through an administrative proceeding before the USPTO." As the Driveway Company sees it, "With this explanation . . . no briefing of the Motion is necessary." The Driveway Company is mistaken.

Its motion fails to comply with Nebraska Civil Rule 7.1(a)(1)(A), which states, in relevant part,

---

[1]The Driveway Company moved to dismiss the counterclaim in defendants Damian Willey and Metro Driveway Replacement, LLC's (collectively, "defendants") original Answer & Counterclaim (Filing No. 2). On August 27, 2018, the defendants filed an updated Answer & Counterclaim (Filing No. 14) in response to the Driveway Company's First Amended Complaint (Filing No. 9). The Court finds the defendants' amended pleading, which leaves the counterclaim unchanged, does not moot the Driveway Company's pending motion to dismiss. *See, e.g., Cartier v. Wells Fargo Bank, N.A.*, 547 F. App'x 800, 804 (8th Cir. 2013) (unpublished per curiam). The Court will "consider the motion as being addressed to the amended pleading." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (3d ed. 2010).

> A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion. The brief must be separate from, and not attached to or incorporated in, the motion or index of evidence. The brief must concisely state the reasons for the motion and cite to supporting authority. A party's failure to brief an issue raised in a motion may be considered a waiver of that issue.

A party who fails to "follow this rule may be considered to have abandoned in whole or in part that party's position on the pending motion." NECivR 7.1.

Upon review, the Court finds the Driveway Company's motion raises a substantial issue of law and requires a supporting brief. As such,

IT IS ORDERED:

1. The Driveway Company's Motion to Dismiss Counterclaim (Filing No. 10) will be held in abeyance pending compliance with Rule 7.1(a)(1)(A) and this Order.

2. The Driveway Company shall file a supporting brief on or before September 7, 2018, or its motion will be deemed abandoned and be denied without further notice.

3. The defendants will then have twenty-one days to file any response or notify the Court of their intention to rely on their previous response (Filing No. 13). In either case, the Driveway Company will have seven days to file any reply.

Dated this 30th day of August, 2018.

BY THE COURT:

*[signature]*

Robert F. Rossiter, Jr.
United States District Judge