IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE DRIVEWAY COMPANY, INC., a Nebraska corporation; | **8:18CV354** |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATION** |
| DAMIAN WILLEY, an individual; and METRO DRIVEWAY REPLACEMENT, LLC, a Nebraska limited liability company; | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Remand. (Filing No. 11.) The undersigned will recommend that the motion be granted.

## BACKGROUND

Plaintiff operates a business repairing and installing driveways in Omaha, Nebraska. Defendants run a competing business. Plaintiff contends that Defendants paid Google to generate an advertisement that directed consumers to Defendants' website when they searched for "The Driveway Company" or "The Driveway Company Omaha." On May 24, 2018, Plaintiff sent a cease and desist letter to Defendants. However, Defendants refused to stop their advertising practices. (Filing No. 1.)

On June 13, 2018, Plaintiff brought suit against Defendants in the District Court of Douglas County, Nebraska, asserting three claims: (1) "Trade Name Infringement" under state law; (2) "Trade Name Infringement, False Designation of Origin, and Unfair Competition" in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); and (3) "Deceptive Trade Practices" in violation of Neb. Rev. Stat. § 87-303. Plaintiff also applied for a temporary injunction, which was granted by the state court on June 26, 2018. (Filing No. 1.)

On July 23, 2018, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1441 based on Plaintiff's federal Lanham Act claim.  (Filing No. 1.)  Defendants also filed a counterclaim seeking cancellation or restriction of the service mark "The Driveway Company," which is on the supplemental registry of the United States Patent and Trademark Office ("USPTO").  Defendants asserted that the mark "should be cancelled as it is merely descriptive and never should have [been] registered pursuant to 15 U.S.C. § 1052(e)."  (Filing No. 2.) Defendants further alleged that if the mark was "not cancelled, it should be restricted to require use with explicit reference to the specific driveway repair services offered by Plaintiff." (*Id.*)

On August 13, 2018, Plaintiff filed an amended complaint, removing its Lanham Act claim. (Filing No. 9.)  Defendants filed an answer and reasserted their counterclaim for cancellation or restriction of the service mark on August 27, 2018.  (Filing No. 14.)  On August 13, 2018, Plaintiff moved to dismiss Defendants' counterclaim (Filing No. 10), arguing that this Court lacked jurisdiction over the counterclaim because a petition to cancel a trademark can only be done through an administrative proceeding before the USPTO.

This Court granted Plaintiff's motion and dismissed Defendants' counterclaim on September 26, 2018.  This Court found that Defendants could not bring a cancellation claim or counterclaim in this Court absent an underlying Lanham Act claim.  (Filing No. 18.)

Plaintiff now seeks to remand this action back to the District Court of Douglas County, Nebraska.  (Filing No. 11.)

## DISCUSSION

A defendant may remove an action from state court to federal court when a federal court would have had original subject matter jurisdiction over the action.  28 U.S.C. § 1441.   "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction."  *Arkansas Blue Cross & Blue Shield of Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009).  "Federal courts are to resolve all doubts

about federal jurisdiction in favor of remand." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (internal quotation omitted).

This case was removed to this Court based on federal question jurisdiction under 28 U.S.C. § 1331. (Filing No. 1.) Plaintiff argues that because it amended its complaint to remove the Lanham Act claim, this case should be remanded to the District Court of Douglas County, Nebraska. (Filing No. 11.) However, [a]mending a complaint after removal to dismiss the claims upon which a court's federal question jurisdiction was initially based does not defeat federal jurisdiction." *Union Pacific Railroad Co. v. Expert Management Service*, No. 8:15CV194, 2015 WL 6453856, at *2 (D. Neb. Oct. 26, 2015). *See also Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1248 (8th Cir. 2006) ("[J]urisdiction is determined at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated"). Under 28 U.S.C. § 1367, "courts have the discretion to exercise supplemental jurisdiction over remaining state-law claims even after the district court has dismissed all claims over which it has original jurisdiction." *McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009) (internal quotation omitted).

"Whether to exercise supplemental jurisdiction over a remaining state law claim is within the court's discretion; however, federal district courts generally should exercise judicial restraint and avoid state law issues when possible because such claims are more properly heard by state courts." *Demien Construction Co. v. O-Fallon Fire Prot. Dist.*, 72 F. Supp.3d 967, 974 (E.D. Mo. 2014). When deciding to exercise supplemental jurisdiction, courts should consider judicial economy, convenience, fairness, comity, and whether the plaintiff has attempted to manipulate the forum. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n. 7.

Having considered the matter, the undersigned concludes that the balance of the factors favors remand to state court. Judicial economy supports remand. The remaining claims involve state law, as Plaintiff dismissed its Lanham Act claim and this Court dismissed Defendants'

counterclaim.  The state court has already conducted proceedings in this case, including granting a motion for temporary injunction.  Meanwhile, this action is in its relatively early stages in this Court.  A progression order has yet to be entered.  Also, there is no indication that remanding this action to state court would inconvenience or prejudice any party.  Further, there is no sign that Plaintiff has attempted to manipulate the forum by dismissing its Lanham Act claim.  To the contrary, Plaintiff contends that Defendants' removal of this action was a reaction to the state court's award of a temporary injunction to Plaintiff.[1]  All things considered, the undersigned believes remand is warranted.

Accordingly,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Robert Rossiter, Jr. that Plaintiff's Motion to Remand (Filing No. 11) be granted and that this action be remanded to the District Court of Douglas County, Nebraska.

Dated this 13th day of December, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation.  Failure to timely object may constitute a waiver of any objection.

---

[1] Plaintiff contends that the *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction because Defendants are essentially seeking modification of the state court's order awarding Plaintiff a temporary injunction.  The *Rooker-Feldman* doctrine deprives this Court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Banks v. Slay*, 789 F.3d 919, 922 (8th Cir. 2015) (quotation omitted).  Because Defendants' counterclaim has been dismissed, the undersigned will not address this argument.