IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

THE DRIVEWAY COMPANY, INC.,

    Plaintiff,

v.

DAMIAN WILLEY and METRO DRIVEWAY REPLACEMENT, LLC,

    Defendants.

8:18CV354

ORDER

This matter is before the Court on the Findings and Recommendation (Filing No. 19) of the magistrate judge[1] recommending that plaintiff The Driveway Company, Inc.'s (the "Driveway Company") Motion to Remand (Filing No. 11) this case to the District Court of Douglas County, Nebraska be granted.[2] Aptly observing this Court has discretion to exercise supplemental jurisdiction over the Driveway Company's state-law claims under 28 U.S.C. § 1367(c)(3) even though the Driveway Company's only federal claim has been dismissed, the magistrate judge concludes the balance of factors in this case, including judicial economy, convenience, fairness, and comity, weigh in favor of remand. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

[2]Under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the Court may designate a magistrate judge to hear a pretrial dispositive matter and submit to the Court "proposed findings of fact and recommendations for the disposition" of the matter. "Although the Eighth Circuit has not ruled on the question, every circuit court to have decided the issue has concluded that a motion to remand should be treated as a dispositive matter in which only the Article III judge may enter an order." *Cmty. Dev., Inc. v. Sarpy County*, No. 8:16-CV-135, 2016 WL 3747545, at *1 (D. Neb. July 11, 2016) (citing *Davidson v. GeorgiaPac., L.L.C.*, 819 F.3d 758, 763-65 (5th Cir. 2016)).

Defendants Damian Willey and Metro Driveway Replacement, LLC (collectively, "Metro") initially opposed (Filing No. 13) the Driveway Company's Motion to Remand but—despite express notice—have not objected to the magistrate judge's findings and recommendation. *See* 28 U.S.C. § 636(b)(1) (allowing fourteen days to object and requiring de novo review of any specific objections); *accord* Fed. R. Civ. P. 72(b)(2)-(3). The time to object has now expired.

Metro's failure to object "eliminates not only the need for de novo review, but *any* review by the district court." *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619-20 (8th Cir. 2009) (applying *Peretz v. United States*, 501 U.S. 923, 939 (1991), and *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* NECivR 72.2 ("Failure to object to a finding of fact in a magistrate judge's recommendation may be construed as a waiver of the right to object to the district judge's order adopting the recommendation of the finding of fact.").

In light of the foregoing,

IT IS ORDERED:

1. The magistrate judge's Findings and Recommendation (Filing No. 19) is accepted in its entirety. Any objections are deemed waived.
2. The Driveway Company's Motion to Remand (Filing No. 11) is granted.
3. This case is hereby remanded to the District Court of Douglas County, Nebraska.

Dated this 8th day of January 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge